UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JAIME MORENO,                          )
                                       )
    Petitioner,                        )    Civil Action No. 14-CV-106-HRW
                                       )
v.                                     )
                                       )
JODIE SNYDER-MORSE, *Warden*,[1]       )    **MEMORANDUM OPINION**
                                       )    **AND ORDER**
    Respondent.                        )
                                       )

**\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\***

Jaime Moreno is an inmate confined by the Bureau of Prisons ("BOP") in the Northeast Ohio Correctional Center, located in Youngstown, Ohio.[2] Proceeding without counsel, Moreno has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging his federal firearm conviction and

---

[1] When Moreno filed this action on July 8, 2014, Michael Sepanek was the Warden of the Federal Correctional Institution ("FCI")-Ashland, located in Ashland, Kentucky. The Court takes judicial notice of the fact that that Michael Sepanek is no longer the Warden of FCI-Ashland; Ms. Jodie Snyder Order is now the Warden of the FCI-Ashland. Therefore, the Clerk of the Court will be instructed to substitute Ms. Jodie Snyder-Morse as the respondent to this action on the CM/ECF cover sheet.

[2] When Moreno filed this action he was confined in the FCI-Ashland, but on December 3, 2014, Moreno filed a Notice [R. 3] stating that he had been transferred to the Ohio facility. [R. 3] This Court must address Moreno's § 2241 petition, because jurisdiction over a § 2241 petition is determined at the time the proceeding is filed, and the subsequent transfer of the prisoner will not defeat habeas jurisdiction. *White v. Lamanna*, 42 F. App'x. 670, 671 (6th Cir. 2002); *Walker v. Hogsten*, No. 10-CV-276–ART, 2011 WL 2149098, at *2, n.2 (E.D. Ky. May 31, 2011)

1

the resulting 60-month consecutive sentence which he is currently serving. Moreno has paid the $5.00 filing fee. [R. 2]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Moreno's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). The Court also accepts his factual allegations as true and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As explained below, the Court will deny Moreno's habeas petition because the claims which he asserts cannot be pursued under 28 U.S.C. § 2241.

## LITIGATION HISTORY

In September 2000, a federal jury in Montana convicted Moreno of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846, and carrying a firearm in a relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), 18 U.S.C. § 2, the latter falling under an aiding and

abetting/*Pinkerton* theory.[3] *United States v. Jaime Moreno*, No. 1:99-CR-48-JDS-2. (D. Mont. 1999)[4] On December 8, 2000, the district court sentenced Moreno to a 300-month prison term, consisting of 240 months on the drug offense and a consecutive 60 month term on the firearm offense. [*Id.* R. 242, therein] Moreno appealed, but his conviction was affirmed on November 27, 2002. [*Id.*, R. 301-11, therein; *United States v. Garibay-Lara, et al.*, 52 F. App'x 23 (9th Cir. 2002)]

On December 30, 2003, Moreno filed a motion to set aside his sentence under 28 U.S.C. § 2255. [*Id.*, R. 339, therein] On January 7, 2004, the district granted that motion in part and denied it in part. [*Id.*, R. 341, therein] Again, these pleadings are not electronically accessible, but the docket sheet entry of January 7, 2004, states as follows:

> court reserves on ground for relief A; grounds for relief B & C are summarily dismissed; dft may perform disc relating only to ground for relief A; by 5/31/04 dft may expand record to support only ground for relief A; govt not required to respond to motion under 28:2255 at this time [339-1]....

*See* docket sheet entry as to R. 341, therein.

---

[3] *Pinkerton* liability is predicated on the idea that once a participant decides to join a conspiracy, he is responsible for any substantive offenses committed by his co-conspirators in furtherance of the conspiracy. *Pinkerton v. United States*, 328 U.S. 640, 647, 66 S.Ct. 1180 (1946)

[4] Because Moreno's criminal case predated the advent of the PACER electronic data-base system, the pleadings and orders filed therein prior to 2006 cannot be viewed electronically; however, the entire docket sheet can be viewed electronically.

3

On January 20, 2006, the district court entered an Order denying "Claim A" of Moreno's § 2255 motion. [*Id.*, R. 407, therein] Because that claim represented the only remaining issue, the district court then denied Moreno's entire § 2255 motion, stating as follows:

> As to Claim A of his petition, this Court allowed the Defendant over a year to obtain any additional discovery and expand the record. As of this date, the Court has not received additional evidence from the Defendant in support of this claim.
>
> Given that the burden in a § 2255 petition is on the Defendant to demonstrate that he is entitled to relief and that this Court has given Defendant substantial time to obtain any evidence in support of his claim, Claim A of Defendant's habeas petition shall be **DISMISSED**.

[*Id.*, R. 407, pp. 1-2, therein]

In that same Order, the district court also addressed a separate motion Moreno had filed under Federal Rule of Civil Procedure 15(d), requesting that the record be expanded to allow him to assert new legal claims based on *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Ameline*, 409 F.3d 1073 (2005). The district court denied Moreno's Rule 15(d) motion, explaining that neither *Blakely* nor *Ameline* applied retroactively to cases on collateral review, and that Moreno's § 2255 motion was a collateral review matter. [*Id.*, pp. 2-3, therein]

On March 10, 2008, Moreno filed a second motion to vacate his sentence under 28 U.S.C. § 2255, alleging that pursuant to the Judiciary Act of February 5,

4

1867, the district court lacked subject matter jurisdiction over his criminal proceeding. [*Id.*, R. 453, therein] On September 5, 2008, the district court denied that motion for lack of jurisdiction, finding that the motion constituted a second or successive § 2255 motion for which Moreno had neither requested, nor obtained, appellate permission to file. [*Id.* pp. 2-3] The district court further determined that even construing Moreno's submission as habeas petition under 28 U.S.C. § 2241, Moreno did not establish that his remedy under § 2255 had been inadequate or ineffective to challenge his detention, because Moreno could have, but did not, assert his Judiciary Act claim in his first § 2255 motion. [*Id.*] Moreno did not appeal that ruling.

According to the BOP's website, Moreno's projected release date from federal custody is December 20, 2021. *See* http://www.bop.gov/inmateloc/ (last visited on December 12, 2014).

### CLAIMS ASSERTED IN THE § 2241 PETITION

Moreno challenges his consecutive 60-month sentence on his § 924(c) firearm conviction based on the case of *Rosemond v. United States*, ——U.S. ——, 134 S. Ct. 1240 (2014), which held that in order to aid and abet a § 924(c) offense, a defendant must have advance knowledge that a firearm will be used or carried.

5

In *Rosemond*, the Court explained that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun" and also held that the aiding-and-abetting conviction "requires not just an act facilitating one or another element, but also a state of mind extending to the entire crime." *Id.* at 1248–49. "[T]he intent must go to the specific and entire crime charged"; so, for example, in Rosemond, to the full scope of a § 924(c) violation—predicate drug crime plus gun use. *Id.* at 1248. The Court explained, "[t]o aid and abet a crime, a defendant must not just 'in some sort associate himself with the venture,' but also 'participate in it as in something that he wishes to bring about' and 'seek by his action to make it succeed.'" *Id.* (quoting *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949)).

Moreno argues that under *Rosemond*, the evidence produced at trial against him was inadequate to support his § 924(c) firearm conviction because it did not substantiate that he knew in advance that his cohorts would use a gun while committing a drug crime. Moreno contends that based on this evidentiary deficiency, his criminal conduct did not satisfy *Rosemond*'s requirements for an aiding and abetting conviction under § 924(c). Moreno therefore alleges that as to his consecutive 60-month sentennce, he was denied his right to due process of law, guaranteed by the Fifth Amendment of the U.S. Constitution. Moreno seeks an

order setting aside his consecutive 60-month sentence on the § 924(c) firearm conviction, and directing the BOP to release him from custody after he completes service of his 240-month sentence on the drug conviction.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted).

In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v.*

7

*Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Here, Moreno is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. Instead, Moreno contends that based on the holding in *Rosemond*, his consecutive § 924(c) firearm conviction, which comprises 60 months of his total 300-month sentence, violates his constitutional rights. Moreno is thus challenging the constitutionality of his sentences on Sixth Amendment grounds, under § 2241 via the "savings clause" of § 2255(e), but § 2241 is not the proper mechanism for asserting these claims.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*,

8

83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758; *see also Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.").

Moreno contends that his § 2255 motion was inadequate or ineffective because *Rosemond*, decided long after his § 2255 motion was denied, applies retroactively to him and supports his claim that he was improperly convicted of the firearm offense under § 924(c). As the Sixth Circuit Court of Appeals has noted, "The Supreme Court did not state whether the principles explained in *Rosemond* apply retroactively to convictions that are final under state law." *Berry v. Capello*, 576 F. App'x 579, 592 (6th Cir. 2014) Moreno was, of course, convicted of federal offenses. In *Berry*, the Sixth Circuit assumed without deciding that *Rosemond*

9

applies retroactively, but nevertheless determined "…that the trial evidence supported the jury's determination that Berry possessed a state of mind extending to the entire crime, including the necessary intent to aid and abet felony murder and to aid and abet assault with intent to rob while armed." *Id.*

However, several district courts, including this one, have directly addressed the issue of whether *Rosemond* applies retroactively, and have determined that because the holding was dictated by established precedent, *Rosemond* does not apply retroactively to cases on collateral review. *See, e.g., United States v. Davis*, 750 F.3d 1186, 1192–93 (10th Cir. 2014) (suggesting prospective application only: "After *Rosemond*, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); *Montana v. Cross*, No. 3:14-CV-01019, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014) (denying § 2241 petition, finding that the petitioner's reliance on *Rosemond* "…does not bring his claim within the savings clause….," and stating, "The Supreme Court gave no indication that its decision in *Rosemond* should be given retroactive application to a case on collateral review, such as the instant action."); *Taniguchi v. Butler*, No. 6:14-CV-120-KKC, 2014 WL 5063748, at *5 (E.D. Ky. Oct. 8, 2014) (denying § 2241 habeas petition based on *Rosemond* claim); *United States v. Foreman*, No. 02-CR-135-TCK, 2014 WL 4403445, at *1 (N.D. Okla. Sept. 5, 2014); *Rainwater v.*

10

*Werlich*, No. 14-CV-994, 2014 WL 4273631, *2 (D. La. Aug. 29, 2014) (finding that § 2241 relief was unavailable through the savings clause of § 2255(e) because *Rosemond* has not been declared retroactively applicable by Supreme Court); *Minaya v. United States*, --- F.Supp.2d ----, 2014 WL 4229993, at *2 (S.D. N.Y. Aug. 19, 2014), *Gentile v. Fox*, No. 2:14-CV-01726, 2014 WL 3896065, at *9 (C.D. Cal. July 11, 2014) ("The [*Rosemond*] case did not involve an actual innocence claim, but rather merely an instructional error claim, and there is no indication in the decision that the rule declared therein regarding what it takes to aid and abet a § 924(c) offense would apply retroactively on collateral review."); *Martinez v. United States*, 2014 WL 3361748, at *2 (N.D. Tex. July 9, 2014). This Court agrees with the approach taken in these cases, and concludes that *Rosemond* does not apply retroactively to cases on collateral review, such as the § 2241 petition which Moreno has filed in this proceeding.

Further, in his § 2241 petition, Moreno argues that his participation in the conspiracy with co-defendant Garibay-Lara did not begin until after June 20, 1997, when the firearm was seized. In affirming Moreno's criminal conviction on direct appeal, however, the Ninth Circuit rejected that same argument, finding that sufficient evidence existed for a jury to conclude that Moreno was a part of the conspiracy as of 1996. Some of that evidence was: (1) Garibay-Lara always

11

carried a gun; (2) Moreno met Garibay-Lara's wife in Idaho in 1996; (3) Moreno was transporting drugs to Idaho for Garibay-Lara; and (4) Garibay-Lara's wife testified that during the years 1995-1998, when she was involved with Garibay-Lara, Moreno, Carlos Garibay-Lara, and Garibay-Lara were involved in distributing methamphetamine in Montana. *United States v. Florez*, 52 F. at 27-28.

The Ninth's Circuit's analysis of Moreno's guilt under § 924(c) predated *Rosemond*, but its detailed findings set forth in affirming Moreno § 924(c) firearm conviction under the *Pinkerton* theory dictate the same result when analyzed under *Rosemond*. Moreno's conduct, as outlined above, satisfies *Rosemond*'s requirement that the government must prove that the defendant actively participated in the underlying crime with "advance knowledge" that a confederate would use, carry, or brandish a gun during commission of the underlying crime. *Rosemond*, 134 S. Ct. at 1243; 1249-50. A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). Based on *Rosemond*'s framework and the Ninth Circuit's summary of the trial evidence, Moreno's conduct satisfied an aiding and abetting conviction under § 924(c).

Finally, the savings clause may *only* be applied when the petitioner makes a claim of actual innocence. Claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims").

Simply put, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their *convictions*, not their *sentences*. *Moreno v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *see also De La Cruz v. Quintana*, No. 5:14-CV-28-KKC (E.D. Ky.) [R. 18, therein], *aff'd*, *De La Cruz v. Quintana*, No. 14-5553, p. 3 (6th Cir. Oct. 27, 2014) ("... § 2255's savings clause does not apply when a challenge is made to a sentencing enhancement."); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (holding that sentencing error claims do not qualify as claims of actual innocence under the savings clause).

13

In summary, Moreno has not established that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he alleged a valid claim of actual innocence which would afford him relief under § 2241. The Court will therefore deny Moreno's habeas petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall **SUBSTITUTE** Ms. Jodie Snyder-Morse as the Respondent to this action on the CM/ECF cover sheet.

2. Jaime Moreno's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

3. The Court will enter an appropriate judgment; and

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This January 6, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge